## No. 805.

GEORGE W. BANKER *v.* CHARLES DURAND, JR., et al.

The plea of prescription, filed by the administrator, can not extend its benefits to the heirs of age and the widow. As to the succession and the minors, it does—their interest being in the succession, and the succession being represented by the administrator, whose duty it is to interpose any legal defense in his power to a suit in which the succession he represents is interested.

Where the heirs neither expressly nor tacitly have accepted unconditionally the succession of their ancestor, but where, on the contrary, on their being sued, they expressly circumscribed their liability, as they had a right to do, to the value of their ancestor's estate, a judgment which, under such circumstances, condemns them personally is erroneous.

In the laws of the United States or proclamations of the President prohibiting, during the late war, any intercourse and trade between persons residing within the Federal and Confederate lines, there is nothing which could prevent a French citizen from acknowledging a debt and agreeing to pay it, and mortgaging his property to secure its payment.

APPEAL from the Third Judicial District Court, parish of St. Martin. *Train*, J. *Edward Simon*, for plaintiff and appellee. *J. E. Mouton* and *Z. F. Fournet*, for defendants and appellants.

MORGAN, J. Charles Durand, a French citizen, died in the parish of St. Martin on the twenty-sixth November, 1870. He left a widow and several children, ot whom several were minors and some majors, and one was an absentee. The widow notified the probate court of the parish of St. Martin of her husband's death, and prayed to be allowed to qualify as natural tutrix to her minor children, and asked for the appointment of an under tutor. Her petition was granted, and an inventory was ordered to be taken of the succession of her husband. Both tutrix and the under tutrix took the oath required by law on the thirty-first December, 1870. The inventory was taken on the twentieth December, 1870. Among the property of the deceased, mentioned in the inventory, was a plantation situate in the parish of St. Martin.

Banker, the plaintiff, a resident of the parish of Orleans, instituted proceedings *via executiva* against the above mentioned property on the thirty-first December, 1870, claiming to be the owner of two promissory notes, drawn by Durand to his own order and by him indorsed, each for the sum of $7500, dated New Orleans, third May, 1862, and payable respectively on the third July, 1863, and on the first May, 1864, with interest at eight per cent. per annum from maturity till paid, to secure the payment of which, together with counsel's fees at the rate of five per cent., he mortgaged the property referred to. He prayed for an order of seizure and sale against the property for the amount alleged to be due on said note at the time the suit was instituted. He cited the heirs of age residing in the State personally, the one residing abroad through a curator, and the minors through their tutrix.

Subsequently, to wit: on the thirteenth March, 1871, he changed his proceedings from the *via executiva* to the *via ordinaria*, and the same

parties were again proceeded against, as widow, tutrix and heirs, and again cited in the manner prescribed by law. The widow and tutrix filed a general denial. The heirs of age denied any indebtedness, and further denied that they could be made responsible for their ancestor's debts, whose succession they, in their answer, accepted only with benefit of inventory. This answer was filed on thirteenth April, 1871.

Subsequent to these proceedings, an administrator was appointed to the succession of Durand. He appeared in the suit, and pleaded the prescription of five years. The other defendants do not make the plea. As regards the heirs of age and the widow, the plea can not extend its benefits to them. As to the succession and the minors, it does, their interest being in the succession, and the succession being represented by an administrator—for it will be observed that the widow did not ask to administer the succession of her deceased husband as natural tutrix to her minor children; she merely asked to be confirmed as their natural tutrix, and, as tutrix, to cause an inventory of the property left by her deceased husband to be taken. The administrator was qualified only a short time before the plea of prescription was filed; and, in his brief, counsel for appellee doubts " that an administrator, made so only two days before the judgment was signed, not a party therefore to the suit, without interest in the suit, can be allowed to come in by appeal to urge such defense." We think differently. The administrator could make no appearance until he was duly qualified, and, when qualified, it was his duty to interpose any defense to a suit in which the succession he represented was submitted, which the law placed in his hands; and as, by the law, he could have filed the plea in this Court at any time before the case was instituted, we do not see how he could have been deprived of the right of filing the plea before any judgment had been rendered in the court of the first instance, even if his right to do so had been contested, which we do not find from the record was done.

As we have heretofore seen, the notes sued on fell due respectively on the first July, 1863, and first May, 1864. On one of the notes, a payment is alleged to have been made on the twentieth November, 1865; on the second, a payment is alleged to have been made on the twenty-sixth March, 1869. The demand is for the balance due on the notes.

In our opinion the letter of Durand of the seventeenth December, 1866, to North, Duthil & Co., and his letter to G. W. Banker, Jr., of twenty-fourth December, 1867, are acknowledgments of the debt, and take the case out of prescription. In the first letter, after expressing his disappointment at the result of his crop, he says: "Donc je me trouve dans l'impossibilité de payer cette année les $7500 que je dois à M. Duthil J'ai sujet d'espérer que je serai plus heureux dans le

produit de ma récolte prochaine.  Ainsi, mes chers Messieurs, je vous
prie de m'accorder un an, en vous payant les intérêts à l'échéance de
cette dette.  Avec l'espoir que vous adhérez à ma demande, et confiant
dans les bonnes dispositions d'anciens amis, Duthil, je suis," etc.  This
was an acknowledgment of the debt, a confession of his inability to
pay, the expression of a hope that he would be able to pay the follow-
ing year, a promise to pay the interest, and a request for indulgence.

The same may be said with regard to his letter to Messrs. G. W.
Banker & Co. of the twenty-sixth December, 1867.  He says: "Votre
lettre du seizième courant, m'est parvenue hier, par laquelle vous me
demandez les paiements de mes billets $7500.  Je n'ai, comme tout
notre pays, fait aucun revenu cette année par rapport à l'inondation
pour une partie des mes cannes, et le ravage des chenilles dans
mon cotton.  Il faut que je sois ici par le premier de Janvier prochain,
pour régler avec mes affranchis, et renouveler leurs contrats pour la
prochaine année, la quelle doit me produire audessus de trois cents
boucauds de sucre.  *    *    *    *    Aussitôt ces tribulations terminées,
je descendrai en ville, ce qui arrivera dans les premiers jours de
Janvier prochain ; et là je ferai tout mon possible pour répondre à
votre demande."

It is contended that, in the first letter, mention is made of a debt due to
Duthil, and it is suggested that it is not the debt due to Duthil which
is sought to be enforced.  But this is explained by the testimony,
received without objection, by which it appears that the notes, sued
on originally, belonged to Dupasseur; that they were, by him, trans-
ferred to North, Duthil & Co., and by them transferred to Banker.

The plea of prescription can not prevail.

The next objection is, that Mrs. Durand, when cited as tutrix of her
minor children, had not been legally confirmed in their tutorship.

In this, there is error.  The suit *via executiva* was instituted on the
thirty-first December, 1870.  On the same day the tutrix qualified.
This was sufficient.  But long after, when the proceeding was changed
to the *via ordinaria*, she was again cited.  This was done after she had
taken her oath.

The next defense is that heirs, under benefit of inventory, can not
be held responsible, personally, for the debts of a succession.  To a
certain extent this is true.  Heirs are not responsible, beyond the
amount of the property which they inherit, for the debts of their ances-
tor, provided they accept with the benefit of inventory.  They may
renounce.  They may accept purely and simply; they may accept
unconditionally, and this they may do at any time, unless they have
done some act which precludes them; and this tacitly when they
do some act which necessarily supposes their intention to accept, and
which they would have no right to do but in their quality as heirs.

33

They accept expressly when they assume the quality of heir in an unqualified manner, in some authentic or private instrument, or in some judicial proceeding.

In the case at bar, neither expressly nor tacitly have the heirs accepted, unconditionally, the succession of their ancestor. On the contrary, when sued, they expressly circumscribe their liability, as they had the right to do, to the value of their ancestor's estate. The judgment, therefore, which condemns them personally, is erroneous.

The last objection is, that the contract between Durand and Dupasseur, on which plaintiff's claim rests, was entered into in disregard of the laws and proclamations prohibiting, during the late war, any intercourse and trade between persons residing within the Federal and Confederate lines.

The debt was created on the third May, 1862, at New Orleans. The debtor, at least, was a citizen of France, and we know of no law of the United States or proclamation of the President, which, at that, or any other time, prohibited a French citizen from acknowledging a debt, and agreeing to pay it, and mortgaging his property to secure its payment.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be so amended as to limit the liability of the heirs of Durand to the value of the estate of Charles Durand; and that, as thus amended, the judgment be affirmed; the costs in the court below to be paid by appellants; the costs here to be paid by appellee.

Rehearing refused.